# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 1306002171 |
| TIMOTHY MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: May 9, 2023
Decided: July 6, 2023

**AND NOW TO WIT,** this 6th day of July 2023, upon consideration of Timothy Martin ("Defendant")'s fourth Motion for Modification/Reduction of Sentence under Rule 35, the sentence imposed upon Defendant, and the record in this case, it appears to the court that:

1. On March 13, 2014, Defendant pled guilty to three counts of Burglary Second Degree, one count of Assault Second Degree, and one count of Possession of a Firearm by a Person Prohibited ("PFBPP").[1] On July 18, 2014, Defendant was sentenced to: (1) for Burglary Second Degree, a total of nine years of unsuspended Level V supervision, followed by transitioning levels of probation; (2) for Assault Second Degree, five years at Level V, suspended for two years at Level III; and (3) for PFBPP, eight years at Level V Key Program, suspended after five years for three

---

[1] D.I. 24.

years at Level IV Crest, suspended after nine months for two years at Level III TASC.[2] On October 27, 2015, the Court issued a modified sentencing order removing TASC from Defendant's sentence.[3]

2. Defendant has previously filed three Motions to Modify/Reduce his Sentence under Superior Court Criminal Rule 35(b),[4] which were all denied by this Court.[5]

3. In this fourth Motion, Defendant, now represented by counsel, asks the Court to modify his sentence to twelve years upon completion of one of the above programs.[6] In support, Defendant states that he has housing and employment prepared once released from prison.[7]

4. Under Rule 35(b), the Court may reduce the "term or conditions of partial confinement or probation, at any time."[8] But, "[t]he court will not consider repetitive requests for reduction of sentence."[9] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[10] The repetitive motion

---

[2] D.I. 29.
[3] D.I. 50.
[4] D.I. 31; D.I. 36; D.I. 60.
[5] D.I. 34; D.I. 38; D.I. 61.
[6] D.I. 63.
[7] *Id.*
[8] Del. Super. Ct. Crim. R. 35(b).
[9] *Id.*
[10] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

bar applies to the request for reduction or modification of a term of partial confinement or probation.[11] Rule 35 does not allow the Court to use its discretion to ignore this bar.[12] Thus, Defendant's request to reduce his sentence to twelve years upon completion of the programs is barred as repetitive.

5. Defendant further asks the Court to modify his sentence to substitute the Key program with the Road to Recovery program and the Crest program with the Anger Management for Substance Abuse and Mental Health program, as the Key and the Crest programs are no longer offered by DOC.[13] Defendant's Request to modify the sentencing order is granted, where DOC no longer provides the Key or the Crest program, each program should be replaced with the Road to Recovery program and the Anger Management for Substance Abuse and Mental Health program, respectively.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification/Reduction is **GRANTED, in part, and DENIED, in part.**

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

---

[11] *See Teat v. State*, 31 A.3d 77, 2011 WL 4839042, at *1 (Del. 2011) (Table).
[12] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).
[13] D.I. 63.

oc: Prothonotary
cc: Defendant
Department of Justice
Investigative Services